# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **RAYMOND LANG, #486632,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-0331-L** |
| | ) | |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is presently incarcerated at the Allred Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Iowa Park, Texas. Respondent is the Director of TDCJ-CID. The Court did not issue process in this case, pending preliminary screening. On February 28, 2006, the Magistrate Judge issued a questionnaire to Petitioner, who filed his answers on March 20, 2006.

Statement of the Case:  Petitioner seeks to collaterally attack a December 14, 1988 parole revocation from a conviction for felony theft from a person. (See Answer to Question 2 of the

questionnaire).

    <u>Findings and Conclusions</u>:  The petition in this case is subject to summary dismissal pursuant to Rule 4, of the Rules Governing Section 2254 Proceedings.  That Rule provides that "[i]f it plainly appears from the petition and any attached exhibits and the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

    A federal court may consider a writ of habeas corpus only "on behalf of a person in custody . . . in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

    Presently Petitioner is not incarcerated on the basis of his conviction for felony theft from a person, which he expressly seeks to collaterally attack in his petition.  In answer to the questionnaire, Petitioner identifies a Dallas County conviction for aggravated sexual assault in Cause No. F88-94072-M for which he is presently serving a fifty-year sentence in TDCJ-CID. (Answer to Question 1).  It, thus, appears that his felony theft conviction was fully served long ago.  As a result he cannot bring a federal habeas action based solely on the felony theft conviction.  <u>See</u> <u>Maleng v. Cook</u>, 490 U.S. 488, 493 (1989).

    In <u>Maleng</u>, 490 U.S. at 493-94, and <u>Lackawanna County District Attorney v. Coss</u>, 532 U.S. 394, 401-02 (2001), the Supreme Court acknowledged that because a § 2254 petition  could be construed as asserting a challenge on a current sentence, as enhanced by an allegedly invalid prior conviction, a petitioner could satisfy the "in custody" requirement for federal habeas jurisdiction despite the full expiration of his sentence.

    The claims raised in this petition -- the alleged improper revocation of parole or

mandatory supervision -- do not allege facts sufficient to raise an "in custody" issue under

<u>Maleng</u> and <u>Lackawanna</u>.

Furthermore, the petition is barred by the one-year statute of limitations.  <u>See</u> 28 U.S.C. §

2244(d)(1)(A)-(D).  All of the claims in the petition relate to facts and circumstances which

occurred or were known to Petitioner at the time of his parole revocation hearing on December

14, 1988.  <u>See</u> 28 U.S.C. § 2241(d)(1)(D) (providing that the one year period runs from the time

when a petitioner was or, with due diligence, should have been aware of the predicate facts of his

habeas claims); <u>see</u> <u>Goodwin v. Dretke</u>, 118 Fed. Appx. 817,  819 (5th Cir. 2004) (per curiam)

(applying subsection D in remanding habeas petition challenging parole revocation).

Petitioner's arguments to the contrary are unsupported and patently frivolous.  (<u>See</u> Answer to

Question 4).  Nor do his arguments in answer to the questionnaire (<u>see</u> <u>id.</u>) present rare and

extraordinary circumstances warranting equitable tolling, or establish that he pursued the habeas

process with diligence and alacrity.  <u>See</u> <u>Phillips v. Donnelly</u>, 216 F.3d 508, 511 (5th Cir. 2000),

<u>reh'g granted in part</u>, 223 F.3d 797 (5th Cir. 2000);  <u>Davis v. Johnson</u>, 158 F.3d 806, 810-11 (5th

Cir. 1998).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss the petition for a writ of habeas corpus for want of jurisdiction.  Alternatively, the District Court should dismiss the habeas corpus petition as time barred.

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 11th day of _April, 2006.


_Wm. F. Sanderson, Jr._
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE




NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.