ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 28 2006
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RAYMOND LANG, #486632, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 3:06-CV-0331-L |
| § | |
| DOUGLAS DRETKE, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## ORDER

This is a habeas case brought under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On April 11, 2006, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") were filed. Petitioner filed his Objections on April 24, 2006.

Petitioner is presently incarcerated at the Allred Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Iowa Park, Texas, for a 1988 conviction for aggravated sexual assault. Petitioner seeks to collaterally attack a December 14, 1988 parole revocation from a conviction for felony theft from a person.

The magistrate judge found that Petitioner's felony theft conviction has been fully served, and that he is presently serving time for his aggravated sexual assault conviction. The magistrate judge concluded that Petitioner cannot bring this habeas action as he is no longer in custody for the parole revocation that resulted from his conviction for felony theft. The magistrate judge also found

Order – Page 1

that Petitioner was barred by the one-year statute of limitation of 28 U.S.C. § 2244(d)(1)(A)-(D). Specifically, all of Petitioner's claims relate to facts and circumstances which occurred or were known to Petitioner at the time of his parole revocation hearing on December 14, 1988. The magistrate judge recommends that the petition for writ of habeas corpus be dismissed for want of jurisdiction; or alternatively, as time-barred.

In his Objections, Petitioner contends that the magistrate judge's recommendation violates ex-post facto laws and his rights under the United States Constitution. Petitioner maintains that he was unaware of the facts and circumstances in 1988 that support his claims, and, therefore, he should not be barred by the statute of limitations. He asserts that he is in "special education" and his IQ is "4.1."

After making an independent review of the pleadings, file and record in this case, and the findings and conclusions of the magistrate judge, and having considered Petitioner's objection thereto, the court determines that the findings and conclusions of the magistrate judge are correct. They are therefore accepted as those of the court. Accordingly, the court **overrules** Petitioner's Objections; **denies** the Petition for a Writ of Habeas Corpus by a Person in State Custody; and **dismisses this action**.

It is so ordered this 28th day of April, 2006.

Sam A. Lindsay
United States District Judge

Order – Page 2